UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| FERNANDO ROCHA FUENTES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 13-170-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SEPANEK, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Fernando Rocha Fuentes is an inmate confined in the Federal Correctional Institution located in Ashland, Kentucky. Fuentes has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal firearm conviction. [D. E. No. 1] Fuentes has paid the $5.00 filing fee. [D. E. No. 3]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Fuentes' petition under a more

lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny it because Fuentes can not pursue his claims under 28 U.S.C. § 2241.

## BACKGROUND

On April 19, 2007, Fuentes was named in four counts of a nine count indictment charging conspiracy to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 846 (Count 1); possession of methamphetamine with intent to distribute (Count 5); and two counts of possession of a firearm in furtherance of separate drug trafficking crimes (Counts 6 and 7). *United States v. Fernando Rocha Fuentes*, No. 5:07-CR-00012-2 (W.D. Va. 2007) [D. E. No. 26, therein]

On September 26, 2007, Fuentes entered into a written plea agreement with the United States, in which he agreed to plead guilty to two of the four counts: Count 1 alleging drug conspiracy, and Count 6 alleging a firearms violation. [D. E. No. 121, p. 2, therein] During his guilty plea hearing, both the government and the district court explained to Fuentes that the mandatory minimum terms associated with these

two counts would be a 10-year term on Count 1 and 5-year term on Count 6.¹ On October 11, 2007, the district court sentenced Fuentes to a 150-month prison term on Count 1 and a consecutive 60-month prison term on Count 6, the firearms charge. [D. E. No. 173, therein] Fuentes did not appeal.

On October 20, 2008, Fuentes filed a motion seeking relief from his sentence under 28 U.S.C. § 2255, alleging that his counsel provided ineffective assistance by (1) forcing him to accept a plea agreement with the United States, and (2) failing to file an appeal regarding the weapons charge after he expressly directed him to do so. [D. E. No. 185, therein] The district court referred Fuentes' § 2255 motion to a Magistrate Judge, who on June 9, 2009, held an evidentiary hearing on Fuentes' claim that his counsel failed to pursue and appeal on his behalf. [D. E. No. 211, therein]

On June 23, 2009, the Magistrate Judge issued a Report and Recommendation ("R & R") concluding that both of Fuentes' ineffective assistance of counsel claims lacked merit, and that his § 2255 motion should be denied. [D. E. No. 214, therein];

---

¹

At both his guilty plea hearing and sentencing hearing, the district court explained to Fuentes that by agreeing to the government's terms, he would forfeit any right to appeal and to collaterally attack his sentence under 28 U.S.C. § 2255. Fuentes was told that if he ignored the terms of his plea bargain and filed an appeal, any benefit conferred upon him through the agreement potentially could be lost. In exchange for Fuentes' agreement to the terms of the plea bargain, the United States agreed to dismiss his remaining two charges. At the sentencing hearing, the district court explained to Fuentes that in order to initiate the appeal process, he had to file a notice of appeal within ten (10) days of sentencing; and that he could ask the clerk of the court to file a notice of appeal on his behalf.

3

*see also Fuentes v. United States*, No. 5:08-CV-80101, No. 5:07-CR-12–2, 2009 WL 1806660 (W.D. Va. June 23, 2009). On July 8, 2009, the district court adopted the R & R, overruled Fuentes' objections thereto, and denied Fuentes' § 2255 motion. [D. E. No. 216, therein]; *see also Fuentes v. United States*, No. 5:08-CV-80101, No. 5:07-CR-12–2, 2009 WL 2016348 (W.D. Va. July 8, 2009).

Fuentes appealed, but the Fourth Circuit Court of Appeals denied him a certificate of appealability and dismissed his appeal, finding that he had not made "a substantial showing of the denial of a constitutional right." [D. E. No. 224, therein]; *see also United Stated v. Fuentes*, No. 09-7332 (4th Cir. Sept. 13, 2010).

## CLAIMS ASSERTED IN THE § 2241 PETITION

In the his § 2241 petition, Fuentes argues that the district court erred in denying his § 2255 motion, and that it failed to consider "the substantive claims asserted by petitioner s they impacted his right to counsel under the Fourth Amendment and due process." [D. E. No. 1, p. 2]

Fuentes also asserts that his counsel rendered ineffective assistance when he failed to apprise the district court that his (Fuentes') knowledge of the English language was extremely limited. [*Id.*, p. 3] In his § 2241 petition, Fuentes alleges that the Plea Agreement was written in English and was not translated into Spanish, his native language, *id.*, but in his attached "Argument of Law and Citation of

4

Authority," Fuentes contradicts that assertion, stating, "**While his plea was translated to Spanish**, his court-appointed counsel was not bilingual and incapable of understanding petitioner's claim that he did not own or possess a gun." [D. E. No. 1-2, p. 2 (emphasis added)] Fuentes further contends that as to the facts pertaining to the ownership of the gun, his counsel failed investigate and present "evidence that was inherently exculpatory in nature," *id.*, and that his counsel incorrectly represented to him that the district court would ignore the gun charge because the district court "...was only concerned with the pending charge of conspiracy." [*Id.*]

Fuentes argues that based on these facts, he received ineffective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution, and that his guilty plea was therefore uninformed and involuntary.

## DISCUSSION

Fuentes is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Fuentes challenges the constitutionality of his underlying federal conviction and sentence on Sixth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United*

*States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. This exception does not apply where the petitioner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

In his § 2255 motion, Fuentes previously asserted that he received ineffective assistance of counsel during his criminal proceeding because his counsel forced him to accept a plea agreement with the United States, and failed to file an appeal regarding the weapons charge after he expressly directed his counsel to do so. After conducting an evidentiary hearing, referring to transcripts of both the guilty plea and sentencing hearings, and thoroughly evaluating the record, the district court rejected these arguments and denied Fuentes' § 2255 motion. On appeal, the Fourth Circuit

denied Fuentes a certificate of appealability, finding that his Sixth Amendment claims did not warrant further consideration.

The remedy under § 2255 is not inadequate where a petitioner asserted a legal argument in a § 2255 motion but was denied relief on the claim. *Charles*, 180 F.3d at 756-58. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Id.*, at 758. The fact that Fuentes was unsuccessful on his two Sixth Amendment claims in his § 2255 motion, and the fact that the appellate court denied him relief on those claims, does not entitle him to relief under § 2241. *See Lucas v. Berkebile*, No. 7:11-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not an available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

In his § 2241 petition, Fuentes appears to be circumventing the rule against getting "a second bite at the apple" by reconstructing his Sixth Amendment ineffective assistance of counsel claim to allege that his counsel was constitutionally ineffective because he did not speak English, and because during the criminal proceeding and prior to sentencing, he failed to investigate and/or pursue various sources of allegedly exculpatory evidence. This attempt can not succeed because Fuentes could and should have raised these particular Sixth Amendment claims in his § 2255 motion but he did not do so, as a review of his § 2255 motion (filed over five

years ago) reveals. Again, a prisoner may not use § 2241 to assert claims that he failed to bring before the sentencing court in a § 2255 motion. *Charles*, 180 F.3d at 756. The failure to raise a specific claim in a prior § 2255 motion does not mean that the remedy under § 2255 was inadequate or ineffective. [*Id.*]

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004).

To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Fuentes does not,

however, point to any retroactively applicable Supreme Court decision which would afford him relief from his conviction.

To the extent that Fuentes continues to allege that he received ineffective assistance of counsel during his criminal proceeding and at sentencing, and that but for the alleged ineffective assistance of counsel he would not have pled guilty to the drug and firearm offenses, his claim could be construed as one falling under *Missouri v. Frye*, ___U.S.___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012).[2] However, neither of these cases assist Fuentes because they do not announce a new constitutional rule, and therefore do not apply retroactively to cases on collateral review. *See In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013); *Buenrostro v. United States*, 697 F.3d 1137,1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. April 23, 2013).

---

2

In *Frye*, the Supreme Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id.*

In summary, Fuentes has not shown that his remedy under § 2255 was an inadequate and ineffective means of challenging his federal detention, nor has he established a claim of actual innocence. Therefore, he is not entitled to proceed under § 2241, and the Court will deny his petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Fernando Rocha Fuentes' 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This February 24, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge